### DANIEL O'CONNELL *vs.* THE COMMONWEALTH.

Where an indictment charges a defendant with receiving various articles of stolen property, knowing them to be stolen, and specifically describes each article and avers the value thereof, and he pleads that he is "guilty of receiving fifty dollars worth of said property, in manner and form as set forth in the indictment," no valid judgment can be rendered against him on such plea.

WRIT OF ERROR to reverse a judgment of the municipal court at the August term 1843, sentencing the plaintiff in error to punishment in the state prison. The indictment, on which he was convicted, alleged that Joseph Hildreth, on, &c. at, &c. " fifty pounds of tea, of the value of twenty five dollars, fiftv pounds of coffee, of the value of six dollars, sundry sums of money amounting to twenty five dollars, and of the value of twenty five dollars" [and various other articles, the value of each of which was averred] " of the moneys, goods and chattels of one Leonard Putney," &c. " did feloniously steal, take and carry away," and that the plaintiff in error, on, &c. at, &c " did have, receive, and aid in the concealment of, the goods and chattels and moneys aforesaid, so stolen by said Hildreth as aforesaid, he the said Daniel then and there knowing the same moneys, goods and chattels of him the said Putney to have been stolen as aforesaid by said Hildreth."

To this indictment the plaintiff in error pleaded that he was " guilty of receiving fifty dollars worth of said property, in manner and form as set forth in the indictment." The judgment of the court was thus: " It is therefore considered by the court, that said O'Connell, for his offence, as set forth in said indictment and in said plea of guilty, be punished," &c.

It was assigned for error, " that said judgment is erroneous in being given upon an insufficient plea, which admits neither the receiving of any specific articles, nor any specific portion of the articles, in the manner charged in the indictment against said plaintiff in error." Other assignments of error were filed, which the court did not consider.

*G. Bemis,* for the plaintiff in error, cited *Rex* v. *Fry,* Russ

& Ry. 482. *Rex* v. *Furneaux,* ib. 335. *Rex* v. *Tyers,* ib. 402. *Rex* v. *Forsyth,* ib. 274.

*S. D. Parker,* for the Commonwealth.

DEWEY, J. We have not found it necessary to consider all the questions raised by the assignment of errors in this case, being satisfied that the judgment must be reversed for the error last assigned, viz. " that said judgment is erroneous in being given upon an insufficient plea, which admits neither the receiving of any specific articles, nor any specific portion of the articles, in the manner charged in the indictment."

It seems to us that the pleadings did not present the case in a proper form for judgment and sentence. The indictment charged a larceny, by one Joseph Hildreth, of a great variety of articles distinctly enumerated, and to each of which a value was annexed, and charged the prisoner with receiving and concealing the said stolen goods, he knowing the same to have been stolen by said Hildreth. To this indictment the prisoner should have pleaded either guilty or not guilty. It was not competent for him to plead guilty as to receiving fifty dollars worth of said property, without specifying the articles. To which of the articles set forth in the indictment does the plea apply ? As to receiving which has he pleaded guilty, and been punished ? The party arraigned may plead guilty as to part of the charge set forth in an indictment, and not guilty as to the residue ; but the part to which the plea of guilty applies should be specific and definite, and without this the case is not ripe for judgment and sentence. To illustrate this view of the case, suppose that upon a general plea of not guilty to the whole indictment, the jury had returned a verdict of a similar tenor with the plea in the present case, viz. " guilty of stealing fifty dollars worth of said property, in manner and form as set forth in the indictment." Could such a verdict be properly accepted by the court, and affirmed, and made the basis of a conviction and sentence ? I do not perceive that the case differs materially in principle. It is true that in one case it is the defendant's own language, and in the other that of the jury ; but it amounts to no more than the finding of the same fact by the

39 *

jury would.   The defendant by his plea admits the truth of the charge in the indictment, to the same extent that a similar finding by the jury would; but it goes no farther.

It may be suggested that the statutes of this Commonwealth have made no gradation of punishment for the crime of receiving stolen goods, knowing them to be stolen, in reference to the greater or less value of the stolen articles so received and concealed; there being one general provision as to the punishment for such offence.   Rev. Sts. *c.* 126, § 20.   That one provision has, however, a broad range for judicial discretion, and the pun ishment might be increased or modified in some degree by the nature and species of property stolen and concealed.

It seems to us, therefore, that the attorney for the Commonwealth ought to have insisted upon a more specific and definite plea from the prisoner, or to have put the case to a jury as upon a general plea of not guilty ; and that upon the case, as presented upon the pleadings, there being no verdict, the entry of judg‑ ment and award of sentence against the prisoner were erroneous, and for that cause must be reversed.